**SHAW et v**
**AL NAISH MOVING & STORAGE CO et**

Ohio Appeals, 1st Dist, Hamilton Co

No 5142. Decided Oct 13, 1936

## OPINION

By MATTHEWS, J.

This is an action in replevin, originating in the Municipal Court of Cincinnati, and brought to this court on appeal on questions of law from the Court of Common Pleas of Hamilton County, to which it was appealed from the trial court.

The first question presented is the appellees' motion to dismiss the appeal to this court. There is no question that the notice of intention to appeal to this court was filed in the Common Pleas Court within the statutory period of twenty days after the judgment appealed from, but it is claimed that the notice of intention to appeal to the Common Pleas Court from the Municipal Court was not filed within twenty days after judgment was rendered by the Municipal Court, and that, therefore, the Common Pleas Court was not invested with jurisdiction and that that prevents invoking jurisdiction of this court on appeal from the action of the Common Pleas Court in assuming to act without jurisdiction.

The argument is unsound. The jurisdiction of this court to review the action of the Common Pleas Court does not depend on its action in granting the relief prayed for being within its jurisdiction. If relief is sought in that court it has the undoubted right to decide whether it has the jurisdiction to grant the relief and whether that jurisdiction has been properly invoked. This court is given by the constitution jurisdiction to affirm, reverse, or modify all judgments of the Common Pleas Court.

We find that the notice of intention to appeal from the Common Pleas Court to this court was filed within the statutory time and thereby such jurisdiction was properly invoked. The motion to dismiss is therefore overruled.

Now was the jurisdiction of the Common Pleas Court to review the judgment of the Municipal Court properly invoked? It is claimed that it wasn't because the notice of intention to appeal was not filed in the Municipal Court within twenty days of the entering of the judgment appealed from. That appeal was attempted by the plaintiff in that court and the surety upon the replevin bond given by her.

The Municipal Court on the issues raised between the plaintiff and defendants as to the right of possession and ownership of the property replevined found in favor

Cedric Vogel, Cincinnati, for appellants.
Benjamin P. Pink, Cincinnati, Samuel A. Rubenstein, Cincinnati, and J. G. DeFossett, Cincinnati, for appellees.

of the defendants. This judgment was rendered on January 25th, 1936. Notice of intention to appeal was not filed until April 16th, 1936. Manifestly this was too late to invest the Common Pleas Court with jurisdiction to review that judgment.

Thereafter the surety upon the replevin bond was made a party to the action in accordance with the statute and judgment rendered against it for damages and value of the property as fixed in the judgment against the plaintiff. This judgment was rendered on the 25th day of April, 1936. The surety filed its notice of intention to appeal in the Municipal Court on May 13th, 1936, which was within the statutory period and, therefore, invested the Common Pleas Court with jurisdiction to review that judgment.

We, therefore, find that the Common Pleas Court had jurisdiction of the appeal of the surety to review the judgment against it but did not have jurisdiction to review the judgment against the plaintiff in the action.

We find among the papers in the case an opinion by the Common Pleas Judge in which the same conclusion is reached, but the judgment entry in one paragraph dismisses the plaintiff's appeal and in a subsequent paragraph affirms the judgment against her. The judgment of the Common Pleas Court should be modified by limiting the action of the Common Pleas Court to a dismissal of the attempted appeal of the plaintiff.

Coming now to a consideration of the merits of the appeal by the surety we find that no bill of exceptions was allowed by the Municipal Court. We are limited to a consideration of the original papers. The only error claimed is that the Municipal Court had no jurisdiction to render a judgment against the surety in favor of Lawrence Surnbrock for the value of the property. The basis of this claim is that he did not ask for this relief.

Lawrence Surnbrock was not an original defendant. He was made a new party defendant on the application of the original defendant and in rendering judgment against the plaintiff the court found that he was the owner of the property. Later, he elected to take the value of the property as fixed by the court and on his application the surety was made a party to the action and judgment for the amount asked.

We find that the court had jurisdiction

of the subject-matter and the parties and as no error appears the judgment ment against the surety was properly affirmed by the Common Pleas Court.

The judgment of the Common Pleas Court is modified by eliminating from it the provision affirming the judgment against the plaintiff, Pauline Shaw; and, as modified, the judgment is affirmed.

ROSS, PJ, concurs.